# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BRIAN ROBERTS**                                    **CIVIL ACTION**

**VERSUS**
                                                     **NO. 17-7-BAJ-RLB**
**MAJOR SHANNON LESSARD,
ET AL.**

## ORDER

Before the Court is Plaintiff's Motion to Reset Deadline to Amend Complaint. (R. Doc. 29). The deadline to file an opposition has not expired.

Plaintiff commenced this action on January 6, 2017. (R. Doc. 1).

On May 8, 2017, the Court issued a Scheduling Order setting, among other things, the deadline to join other parties or to amend the pleadings on July 24, 2017. (R. Doc. 25).

Plaintiff filed the instant motion on August 10, 2017. (R. Doc. 29). Plaintiff seeks an order extending the deadline to join other parties or to amend the pleadings to October 15, 2017 on the basis that Plaintiff "will attempt to determine if the correct parties are before the Court" during upcoming depositions. (R. Doc. 29 at 2).

Rule 16 of the Federal Rules of Civil Procedure requires a showing of "good cause" for modifying a deadline set by the Court's scheduling order. *See S & W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). In order to show good cause, the party seeking modification must show the deadlines could not "reasonably be met despite the diligence of the party needing the extension." *Id*. at 535. The Court considers four factors for determining whether good cause exists to grant an untimely motion to amend a pleading: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3)

potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. at 536 (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co*., 110 F.3d 253, 257 (5th Cir. 1997)).

The Court does not find good cause to modify the deadline to amend the pleadings at this time. Plaintiff has not submitted a proposed pleading and has not identified any additional proposed defendants or claims. Plaintiff merely speculates that amendment may become necessary in the future after more discovery is accomplished. As is the general practice in this district, the Court will require Plaintiff to seek leave to amend his pleadings through a motion to amend with an attached proposed pleading identifying the proposed defendants or claims. The Court will then evaluate whether the requirements of Rule 16 and Rule 15 of the Federal Rules of Civil Procedure are satisfied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion (R. Doc. 29) is **DENIED**. If warranted, Plaintiff may seek leave to amend his pleadings by filing a motion to amend with an attached proposed pleading seeking to add any additional proposed defendants or claims identified through discovery.

Signed in Baton Rouge, Louisiana, on August 14, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**