UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN ROBERTS** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 17-7-BAJ-RLB** |
| **MAJOR SHANNON LESSARD, ET AL.** | |

**ORDER**

Before the Court is Plaintiff's Motion to Have Allegations in Complaint Deemed Admitted (R. Doc. 32) filed on September 28, 2017. Plaintiff seeks sanctions on the basis that Major Shannon Lessard and her counsel "failed to appear" for Major Lessard's deposition. The motion is opposed. (R. Doc. 34). Plaintiff has filed a Reply. (R. Doc. 39).

Also before the Court is Plaintiff's Motion to Strike Exhibits (R. Doc. 37) filed on October 24, 2017. Plaintiff argues that some of the evidence submitted in support of Major Lessard's Opposition must be struck from the record on the basis of lack of personal knowledge, speculation, hearsay, and/or lack of authentication. The deadline for filing an opposition to this motion has not expired. LR 7(f).

**I.    Background**

Plaintiff noticed the deposition of Major Lessard to take place on September 27, 2017 at 2:30 p.m. at the Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana. (R. Doc. 32-4). Major Lessard did not move for a protective order with regard to the noticed deposition. The day before the deposition was noticed to take place, defense counsel confirmed that the deposition was to take place at EHCC and would commence at 2:30 p.m. (R. Doc. 32-6 at 1).

Plaintiff asserts that at 2:30 p.m., Plaintiff's counsel, Ms. Donna Grodner, "confirmed that the attorney from the AG's Office was not present at EHCC" and, as she was leaving the facility, again verified that no attorney from the AG's Office was present at EHCC. (R. Doc. 32 at 1-2). In support of the instant motion, Plaintiff's counsel, certifies, in pertinent part, the following:

> **After 2:30 p.m.**, a process verbal was conducted on both the depositions of Major Shannon Lessard and on Lt. [Slater]. As both the undersigned and the Court Reporter were leaving the parking lot, the gate sergeant stopped us and, upon information and belief, they learned that someone was now in route from the AG's Office, which is located in Baton Rouge. EHCC is located in St. Gabriel, Louisiana. The undersigned verified that no attorney from the AG's Office was present inside EHCC and left.

(R. Doc. 32-2 at 2) (emphasis added). Plaintiff's counsel further certifies that "Major Shannon Lessard and her counsel failed to appear for the deposition." (R. Doc. 32-2 at 2).

In opposition, Major Lessard, Major Kevin Durbin, and Former Lieutenant Lindell Slater (collectively, "Defendants") assert that Plaintiff's motion contains misrepresentations and "should be denied as frivolous and sanctions against counsel for Plaintiff should be ordered." (R. Doc. 34 at 2).

Defendants submit an affidavit of M. Sgt. Tekiley Adams stating that he received a call from the EHCC Front Gate Security Officer at approximately 2:11 p.m. notifying him that Plaintiff's counsel had arrived for the deposition. (R. Doc. 34-1 at 3). M. Sgt. Adams further asserts that he verified that the deposition was scheduled and contacted the EHCC Front Gate Security Officer to allow Plaintiff's counsel to enter EHCC and to proceed on foot to the Administration Building for the taking of the deposition. (R. Doc. 34-1 at 4). M. Sgt. Adams asserts that upon receiving the foregoing information at 2:21 p.m., Plaintiff's counsel informed the EHCC Front Gate Security Officer that "she was leaving" because Major Lessard's counsel

2

had not yet arrived for the deposition. (R. Doc. 34-1 at 4). M. Sgt. Adams also represents that "Maj. Lessard was, in fact, present at [the] EHCC Administrative Building and prepared to give deposition testimony" when Plaintiff's counsel left the facility. (R. Doc. 34-1 at 5).

The "Contractor/Visitor Drive-In Register" for EHCC marks Plaintiff's counsel as "in" at 2:11 p.m. and "out" at 2:21 p.m. (R. Doc. 34-1 at 12).

Defense counsel also submitted an affidavit. (R. Doc. 34-2). Defense counsel asserts, among other things, that she "arrived at the EHCC Front Gate at approximately 2:28 p.m. and was informed by the EHCC Front Gate Security Officer and M. Sgt. Williams that Plaintiff's counsel had left the facility. (R. Doc. 34-2 at 3). Defense counsel further asserts that M. Sgt. Williams asked "Didn't you see the blue car that just passed you?" in reference to Plaintiff's counsel's car and, at that moment, she saw the blue vehicle in her rear view mirror leaving the facility. (R. Doc. 34-2 at 4).

The "Contractor/Visitor Drive-In Register" for EHCC marks Plaintiff's counsel as "in" at 2:29 p.m. and "out" at 2:30 p.m. (R. Doc. 34-1 at 12).

In reply, Plaintiff argues, among other things, that the deposition was not scheduled to be held at the front gate of EHCC; there is no indication in the record that Major Lessard was present at the Administrative Building or otherwise available to have her deposition taken at 2:30 p.m. at EHCC; the gate was not opened to provide Plaintiff's counsel access to the prison; defense counsel was not inside EHCC at 2:30 p.m.; and there was no indication at 2:30 p.m. that a deposition would take place. (R. Doc. 39 at 2-5). The remainder of Plaintiff's Reply raises the same arguments in Plaintiff's Motion to Strike regarding the admissibility of the affidavits and other evidence submitted in support of Major Lessard's Opposition. (R. Doc. 39 at 5-15; *see* R. Doc. 37).

**II.     Law and Analysis**

Rule 37(d) provides, in pertinent part, that "[t]he court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions for failure to appear at a deposition "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Here, in addition to awardable expenses, Plaintiff seeks sanctions pursuant to Rule 37(b)(2)(a)(i) ("directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims") and (vi) ("rendering a default judgment against the disobedient party"). (R. Doc. 32-3 at 1-2). Conversely, Defendants seek an award of sanctions on the basis that the instant motion is frivolous. (R. Doc. 34 at 1).

Given the record, the Court cannot determine with any precision when Plaintiff's counsel actually left EHCC and when defense counsel arrived at EHCC. Plaintiff's counsel asserts that she left the facility "after" 2:30 p.m. The gate log and M. Sgt. Adams's affidavit, however, indicate that Plaintiff's counsel left the facility at 2:21 p.m. Regardless of the precise timing, it is clear that Plaintiff's counsel left EHCC within mere minutes of the scheduled time, knowing that opposing counsel was on the way.

The Court is also aware that, given the logistics required after signing in to the facility, including parking and walking to the Administrative Building, defense counsel was not prepared

to participate in a deposition set to commence at 2:30 p.m. That said, even if Plaintiff's counsel left the facility at or soon after 2:30 p.m. (which is disputed), however, Ms. Donna Grodner did not extend the expected courtesies expected of practitioners in this district. Indeed, Plaintiff's counsel was informed that defense counsel was on the way and in fact arrived within minutes, if not sooner, than the scheduled time.

At least one court has assumed for the purposes of addressing a motion brought pursuant to Rule 37(d) that 30 minutes' tardiness constitutes failure to attend a deposition. *See Coon v. Froehlich*, 573 F. Supp. 918, 923 (S.D. Ohio 1983) (finding no sanctions appropriate even assuming that the delay constituted failure to attend). The facts of this case are significantly distinguishable in that counsel arrived within minutes of the scheduled time and Plaintiff's counsel was aware that defense counsel was on the way. Even assuming that any late arrival of a party's counsel constitutes a failure by the party to appear at a deposition under Rule 37(d), it would be unjust under the circumstances of this case to award any sanctions pursuant to Rule 37(b)(2)(A) or to award any expenses pursuant to Rule 37(d)(1)(A)(i). *See Coon*, 573 F. Supp. at 923-24.

Given the record, the Court finds no basis for awarding the relief sought by Plaintiff. The deadline to complete non-expert discovery in this action is March 1, 2018. (R. Doc. 25). Accordingly, Plaintiff has sufficient time to re-notice the deposition of Major Lessard. If Plaintiff re-noticed her deposition, Major Lessard and her counsel must be present at the designated deposition time and be prepared to commence the deposition at the time noticed.

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Have Allegations in Complaint Deemed Admitted (R. Doc. 32) is **DENIED**. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Exhibits (R. Doc. 37) is **DENIED as moot.**

Signed in Baton Rouge, Louisiana, on October 26, 2017.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**