UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN ROBERTS** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 17-7-BAJ-RLB** |
| **MAJOR SHANNON LESSARD, ET AL.** | |

## ORDER

Before the Court is Plaintiffs' Motion to Compel Discovery (R. Doc. 35) filed on October 13, 2017. The motion is opposed. (R. Doc. 41). Plaintiff has filed a Reply. (R. Doc. 44).

I.    **Background**

Plaintiff served the discovery requests at issue on May 11, 2017. (R. Doc. 35-4). Defendants provided responses on August 7, 2017. (R. Doc. 35-5).

On the morning of September 27, 2017, Plaintiff's counsel sent an email to defense counsel stating, in pertinent part, the following: "Following the deposition today . . . we will conduct the Rule 37.1 [sic] on your client's discovery responses." (R. Doc. 35-13 at 3). Defense counsel responded that she would not be available for a conference directly after the deposition. (R. Doc. 35-13 at 2). Plaintiff's counsel insisted that the conference take place after the deposition despite defense counsel's opposition. (R. Doc. 35-12; R. Doc. 35-13 at 1). The deposition did not take place. (*See* R. Doc. 40).

On September 28, 2017, Plaintiff's counsel sent an e-mail to defense counsel requesting that she contact Plaintiff's counsel later that day for the purpose of conducting the discovery conference. (R. Doc. 35-11). After defense counsel responded that she was not available that day and offered to hold a conference on October 2 and October 3, Plaintiff's counsel stated that

she was not available on the offered dates and requested further suggested dates. (R. Doc. 35-10 at 1). On October 4, 2017, defense counsel informed Plaintiff's counsel that she was available for a conference on October 9 or 10 from 2:00-4:00 p.m. (R. Doc. 35-7 at 1). The next day, Plaintiff's counsel set the conference for October 9 at 2:00 p.m. (R. Doc. 35-7 at 1).

Plaintiff's counsel cancelled the conference in light of a family emergency, and defense counsel agreed to hold the conference on October 10 at 2:00 p.m. (R. Doc. 35 at 2; R. Doc. 35-8). Defense counsel contacted Plaintiff's counsel on the morning of October 10 to inform her that she was cancelling the conference in light of another appointment, further informing Plaintiff's counsel that she was available on October 13 at 2:00-5:00 p.m. (R. Doc. 35-8). Plaintiff's counsel responded by stating that she would not agree to another "extension" of the discovery conference date and time. (R. Doc. 41-1).

On October 13, 2017, Plaintiff filed the instant Motion. (R. Doc. 35). Plaintiff seeks supplemental responses to Interrogatory Nos. 5 and 8, and Request for Production Nos. 2, 10, 12, and 13. Plaintiff's counsel submits a "Rule 37 Certificate on Motion to Compel" in which she outlines the foregoing correspondence between the parties regarding a discovery conference. (R. Doc. 35-3). Defendants oppose the motion on the basis that Plaintiff did not participate in a proper discovery conference before filing the Motion. (R. Doc. 41).

## II. Law and Analysis

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL

4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention).

The "Rule 37 Certificate on Motion to Compel" does not state that Plaintiff or Plaintiff's counsel acted in "good faith" in attempting to confer regarding the outstanding discovery in an effort to obtain it without court action. To be clear, this is not a case where a moving party filed a motion to compel without holding a discovery conference, despite various good faith attempts to do so, in light of an impending discovery deadline. Discovery is not set to close in this action until March 1, 2018. (R. Doc. 25). Defense counsel expressed a willingness to hold a discovery conference on the very afternoon on which the instant motion was filed.

Having considered the record, the Court concludes that Plaintiff's counsel did not attempt to hold a conference in "good faith" as required by Rule 37(a)(1). The record indicates that Plaintiff's counsel's first attempt at setting a discovery conference was a terse email to defense counsel on the morning of a deposition, declaring that counsel "will conduct" a conference on certain unidentified discovery responses. This is not a good faith attempt to schedule a discovery conference. It certainly does not meet the requirement in the Court's Scheduling Order that a party must provide "reasonable notice" for a discovery conference. (R. Doc. 25 at 1).[1] The record further indicates that defense counsel provided certain alternative dates to hold a conference (which Plaintiff's counsel did not agree to) and that Plaintiff's counsel herself cancelled a scheduled conference date in light of a personal conflict. It was only when defense

---

[1] In full, the Court's Scheduling Order requires the following with regard to discovery motions: "Any motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice." (R. Doc. 25 at 1).

counsel cancelled a scheduled conference date in light of her own conflict that Plaintiff's counsel refused to reschedule the conference. The following "efforts" by Plaintiff's counsel to hold a proper discovery conference falls short of the requirements of Rule 37(a)(1).

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Compel Discovery (R. Doc. 35) is **DENIED**. Plaintiff may reassert his Motion to Compel after the parties meet-and-confer on the substantive discovery issues raised in the motion, and with the filing of a Rule 37 certificate specifically setting forth (1) how the conference was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the conference, and (7) whether any issues were resolved by the parties. In the alternative, the Rule 37 certificate must detail Plaintiff's counsel's good faith attempts to confer with defense counsel and provide evidence that defense counsel refused to confer after reasonable notice.

Signed in Baton Rouge, Louisiana, on December 1, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**