# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BRIAN ROBERTS**

**VERSUS**

**MAJOR SHANNON LESSARD, ET AL.**

**CIVIL ACTION**

**NO. 17-7-BAJ-RLB**

## ORDER

Before the Court is Plaintiff's Motion to Have Allegations in Complaint Deemed Admitted (R. Doc. 46) filed on January 4, 2018. The motion is opposed. (R. Doc. 48).

Also before the Court is Plaintiff's Motion for Leave of Court to File Reply Memorandum (R. Doc. 49) and Defendant's Motion for Leave to Substitute Memorandum in Opposition (R. Doc. 50). The Court has considered the proposed briefs (R. Doc. 49-2; R. Doc. 50-1) submitted with these motions.

**I.     Background**

Plaintiff originally noticed the deposition of Major Shannon Lessard to take place on September 27, 2017 at 2:30 p.m. at the Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana. (R. Doc. 32-4). Plaintiff subsequently filed a Motion to Have Allegations in Complaint Deemed Admitted on the basis that Major Lessard and her counsel failed to appear for the deposition. (R. Doc. 32).

On October 26, 2017, the Court denied Plaintiff's motion, finding no basis for awarding the relief sought. (R. Doc. 40). In its Order, however, the Court specifically stated that if Plaintiff re-noticed the deposition, "Major Lessard and her counsel must be present at the

designated deposition time and be prepared to commence the deposition at the time noticed." (R. Doc. 40 at 5).

Plaintiff represents that the deposition was reset for December 12, 2017, at 11:30 a.m. at EHCC. (R. Doc. 46 at 2). Plaintiff further represents that on the day of the deposition, the court reporter arrived at 11:00 a.m. and Plaintiff's counsel arrived at 11:10 a.m. at the front gate of EHCC. (R. Doc. 46 at 2). Plaintiff further represents that Plaintiff's counsel was not allowed to enter the EHCC until defense counsel arrived, and that at 11:33-11:34 a.m., Plaintiff's counsel confirmed at the guard shack that defense counsel had not arrived. (R. Doc. 46 at 3). Plaintiff further represents that at no time was Plaintiff's counsel informed that defense counsel was on her way. (R. Doc. 49-2 at 2). Plaintiff further represents that while leaving EHCC, Plaintiff's counsel received a call from her office at 11:42 a.m. informing her that defense counsel wanted her to return to EHCC. (R. Doc. 46 at 3). Finally, Plaintiff represents that on a three-way call with the court reporter and defense counsel, Plaintiff's counsel offered to take the deposition at 3:30 p.m. that same day but defense counsel declined. (R. Doc. 46 at 3-4). Based on the foregoing representations, Plaintiff argues that defendant Major Lessard and her counsel failed to appear for the deposition, and that the sanction of default judgment is warranted. (R. Doc. 46 at 5).

In opposition, Major Lessard, Major Kevin Durbin, and Former Lieutenant Lindell Slater (collectively, "Defendants") state that defense counsel "readily admits" that she was late for the scheduled deposition. (R. Doc. 48 at 2; Doc. 50-1 at 2). Defendants argue that while defense counsel "departed with enough time to arrive at EHCC for the 11:30 [a.m.] deposition," unexpected traffic caused a delay in her arrival and her "late arrival was unavoidable." (R. Doc. 48 at 2-3; Doc. 50-1 at 2). Defendants argue that given the lack of "willfulness, bad faith, or

2

other fault," the Court should not order the severe sanctions sought by Plaintiff. (R. Doc. 48 at 4-7, R. Doc. 50-1 at 4-7). In their proposed revised opposition, Defendants further suggest that Plaintiff should be sanctioned pursuant to Rule 30(g) for failure to attend the deposition. (R. Doc. 50-1 at 6 n.7).[1]

**II.   Law and Analysis**

Rule 37(d) provides, in pertinent part, that "[t]he court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions for failure to appear at a deposition "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The Court may also sanction a party for failing to obey an order to provide or permit discovery. *See* Fed. R. Civ. P. 37(b)(2)(A).

Here, in addition to awardable expenses, Plaintiff seeks sanctions pursuant to Rule 37(b)(2)(A)(i) ("directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims") and (vi) ("rendering a default judgment against the disobedient party"). (R. Doc. 46-2 at 1-2).

There is no dispute that Plaintiff's counsel was not "present at the designated deposition time and be prepared to commence the deposition at the time noticed" as required by the Court's October 26, 2017 Order. (R. Doc. 40 at 5). Contrary to Defendants' assertions, defense counsel

---

[1] The Court finds no basis for awarding relief to Defendants under Rule 30(g). There is no dispute that Plaintiff's counsel arrived on time to proceed with deposition and left EHCC only after the time to start the deposition had passed.

could have avoided the delays caused by traffic by proper planning for the possibility of traffic. Furthermore, in light of the Court's October 26, 2017 Order, defense counsel had a duty to take the appropriate precautions to ensure her timely arrival for the deposition.

Given the record, the Court need not conclude whether Major Lessard failed to attend the deposition for the purposes of Rule 37(d)(1)(A)(i). The same sanctions are available under Rule 37(b)(2)(A) on the basis that Major Lessard, through the actions of her counsel, violated a discovery order of the Court. That said, the specific sanctions sought by Plaintiff are inappropriate given the discovery violation and the record. The Court concludes that an appropriate sanction is to require defense counsel and/or Defendant Lessard (1) to pay the court reporter his or her incurred fees for attending the deposition and (2) to pay Plaintiff's the amount of $500.00 for Plaintiff's counsel's time in appearing for the deposition and filing the instant motion.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Have Allegations in Complaint Deemed Admitted (R. Doc. 46) is **GRANTED IN PART and DENIED IN PART**. Defense counsel and/or Defendant Lessard shall pay the incurred court reporter fees within **21 days** of receiving an invoice from the court reporter, to whom Plaintiff's counsel shall provide a copy of this Order. If that invoice has already been paid, the Plaintiff's counsel shall inform Defense counsel of such and payment of that amount shall be forwarded to Plaintiff's counsel. Defense counsel and/or Defendant Lessard shall also pay **$500.00** to Plaintiff's counsel within **21 days** of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff re-notices her deposition, Major Lessard and her counsel must be present at the designated deposition time and be prepared to commence the deposition at the time noticed. Failure to comply with this Order will subject Major Lessard and counsel to additional, more severe sanctions.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave of Court to File Reply Memorandum (R. Doc. 49) and Defendant's Motion for Leave to Substitute Memorandum in Opposition (R. Doc. 50) are **GRANTED** and the proposed briefs (R. Doc. 49-2; R. Doc. 50-1) are deemed entered into the record. No further action by the Clerk's Office is required.

Signed in Baton Rouge, Louisiana, on February 14, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**