# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

BRIAN ROBERTS                                           CIVIL ACTION

VERSUS
                                            NO. 17-7-BAJ-RLB

MAJOR SHANNON LESSARD,
ET AL.

## ORDER

Before the Court is Plaintiff's Motion to Compel Discovery (R. Doc. 53) filed on February 28, 2018. The deadline for filing an opposition has expired. LR 7(f). Accordingly, the Motion is deemed to be unopposed.

**I.      Background**

On January 6, 2017, Brian Roberts ("Plaintiff") commenced this civil rights action under 28 U.S.C. § 1983 against Major Shannon Lessard, Major Kevin Durbin, and Lieutenant Lindell Slater (collectively, "Defendants"). (R. Doc. 1). Plaintiff alleges that on December 26, 2015, while an inmate housed in Golf 2, B Tier, at Elayn Hunt Correctional Center ("EHCC"), he had a stroke and Defendants denied him adequate medical treatment in deliberate indifference to his constitutional rights.

Plaintiff served the discovery requests at issue on May 11, 2017. (R. Doc. 53-4). Defendants provided responses on August 7, 2017. (R. Doc. 53-5).[1]

---

[1] Plaintiff submits Major Lessard's responses to Plaintiff's Interrogatories (R. Doc. 53-5 at 1-12) and the combined responses of Lieutenant Slater, Major Lessard, and Major Durbin (referred to as the "EHCC Officers" in the responses) to Plaintiff's Requests for Production of Documents. (R. Doc. 53-5 at 13-26). It is unclear whether Lieutenant Slater or Major Durbin provided separate responses to Plaintiff's Interrogatories. Given that Plaintiff served the discovery requests on all of the named Defendants, the Court will require all of the named Defendants to provide any supplemental responses ordered herein.

On October 13, 2017, Plaintiff filed a Motion to Compel seeking supplemental responses to Interrogatory Nos. 5 and 8, and Request for Production Nos. 2, 10, 12, and 13. (R. Doc. 35). Defendants opposed the motion on the basis that Plaintiff did not participate in a proper discovery conference before filing the Motion. (R. Doc. 41).

On December 1, 2017, the Court denied the foregoing motion on the basis that Plaintiff's counsel did not attempt to hold a conference in "good faith" as required by Rule 37(a)(1). (R. Doc. 45). The Court specifically provided, however, that "Plaintiff may reassert his Motion to Compel after the parties meet-and-confer on the substantive discovery issues raised in the motion, and with the filing of a Rule 37 certificate specifically setting forth (1) how the conference was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the conference, and (7) whether any issues were resolved by the parties. In the alternative, the Rule 37 certificate must detail Plaintiff's counsel's good faith attempts to confer with defense counsel and provide evidence that defense counsel refused to confer after reasonable notice." (R. Doc. 45 at 4).

On December 28, 2017, Plaintiff's counsel's office counsel sent an e-mail to defense counsel requesting dates to meet-and-confer on the discovery dispute. (R. Doc. 53-7 at 1). Plaintiff represents that no response was provided. (R. Doc. 53 at 3).

On January 31, 2018, Plaintiff's counsel's office sent an e-mail to defense counsel requesting a discovery conference on February 2, 2018 at 10:30 a.m. (R. Doc. 53-12 at 2). Defense counsel responded by stating that she had "a meeting scheduled at that time and [would]

be unavailable for the remainder of the day," adding that she would be "available for Monday, February 2, 2018 at 10:30 [a.m.]." (R. Doc. 53-12 at 2).[2]

On February 1, 2018, Plaintiff's counsel sent the following e-mail to defense counsel: "You need to call either today or earlier. We have deadlines running and cannot give you more time. You are well aware of the deficiencies in this case and you have done NOTHING to remedy the. [sic] Under Rule 37, we may proceed when you fail to respond or object timely. WE are waiting for your call." (R. Doc. 53-9 at 1).

On February 5, 2018, Plaintiff's counsel's office sent an e-mail to defense counsel stating that Plaintiff's counsel was unavailable, and requested defense counsel's availability for the remainder of the week. (R. Doc. 53-12 at 1). Plaintiff's counsel's office sent a follow-up e-mail on the morning of February 6, 2018. (R. Doc. 53-12 at 1). Defense counsel immediately responded that she was unavailable, adding that she had "some availability tomorrow afternoon" if Plaintiff's counsel was available then. (R. Doc. 53-12 at 1).

There is no indication in the record that Plaintiff's counsel further attempted to schedule a discovery conference pertaining to the issues raised in the instant Motion over the following three weeks.

On February 28, 2018 (the day before the close of non-expert discovery on March 1, 2018), Plaintiff filed the instant Motion. (R. Doc. 53).

## II. Law and Analysis

### A. Plaintiff's Non-Compliance with Rule 37(a)(1)

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer

---

[2] It appears that defense counsel intended the date to read "Monday, February 5, 2018."

with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention).

Plaintiff submitted a "Rule 37 Certificate on Motion to Compel." (R. Doc. 53-3). The certificate lists various irrelevant interactions between counsel that occurred prior to the Court's denial of Plaintiff's first Motion to Compel. (R. Doc. 53-3 at 1-2). The certificate also states the following: "It is very clear that Defendants do not intend to provide supplemental responses and Plaintiff has gone above an [sic] beyond to hold a conference and receive supplemental responses. Plaintiff has shown good faith attempts to confer with defense counsel and has provided evidence that defense counsel refused to confer after reasonable notice." (R. Doc. 53-3 at 3).

The Court concludes that Plaintiff's counsel's attempts to hold a discovery conference fall short of the requirements of Rule 37(a)(1). The sole communication actually sent by Plaintiff's counsel on February 1, 2018 in no way demonstrates a good faith attempt to confer without court resolution. Furthermore, the remaining correspondences between Plaintiff's counsel's office and defense counsel demonstrate a willingness on behalf of defense counsel to schedule an appropriate time and place for a conference.

While Plaintiff has not satisfied the requirements of Rule 37(a)(1), Defendants did not oppose the instant motion. Accordingly, the Court will resolve the motion on its merits and deny the award of any recoverable expenses in light of Plaintiff's non-compliance with Rule 37(a)(1).

B. **The Discovery Requests at Issue**

1. **Interrogatory No. 5**

**INTERROGATORY NO. 5:**
Please identify each guard who was present during the discovery of [Plaintiff's] illness on December 26, 2015, and describe the action(s) taken by each or the role each played.

(R. Doc. 53-4 at 4).

**RESPONSE TO INTERROGATORY NO. 5:**
Maj. Lessard objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of reverent information. Maj. Lessard further objects to this Interrogatory to the extent that it improperly puts forth factual contentions that will have no evidentiary support after a reasonable opportunity for further investigation and discovery. Additionally, Maj. Lessard objects to this Interrogatory on the grounds that is repetitive, duplicative, and seeks documents and/or information sought by other Interrogatories or Request.
Subject to and without waiving these objections, the identity of every potential guard is unknown.

(R. Doc. 53-5 at 5).

Plaintiff argues that "[e]ven if the identity of ALL guards present were not known at the time of the Interrogatories, the identity of 'some' of the guards should be known at this time." (R. Doc. 53-1 at 4).

The information sought by Plaintiff is overly broad. The Court will limit this interrogatory to the identity of guards present in the section of EHCC that Plaintiff was housed when he appeared to have a stroke on December 26, 2015. Accordingly, Defendants are to identify all guards located in Golf 2, B Tier, of the EHCC on December 26, 2015.

**IT IS ORDERED** that Plaintiff's Motion to Compel is **GRANTED IN PART and DENIED IN PART** with respect to Interrogatory No. 5, and Defendants must provide a supplemental response as detailed above within **7 days** of the date of this Order.

2.   **Interrogatory No. 8**

   **INTERROGATORY NO. 8:**
   Please identify and include a DOC # for each inmate who has filed an ARP against any of the Defendants herein for the time period twelve months before and all ARPs since December 26, 2015 and the nature of that complaint/grievance.

(R. Doc. 53-4 at 4).

   **RESPONSE TO INTERROGATORY NO. 8:**
   Maj. Lessard objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, improper, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Maj. Lessard further objects to this Interrogatory to the extent that is seeks information and/or documents that are or contain inadmissible extrinsic acts according to Fed. R. Evid. 404(b), highly prejudicial, and inadmissible hearsay.

(R. Doc. 53-5 at 7).

Plaintiff argues that the response is insufficient because "[t]here is no evidence to support the reason why the Defendant takes the position that the requested information contains inadmissible extrinsic acts nor is there evidence that supports the claim that the information is irrelevant under Fed. R. Evid. 404(b) unless the character evidence would be used to provide that the person acted in conformity therewith." (R. Doc. 53-1 at 4-5).

In consideration of Defendants' objections, including overbeadth and relevance, the Court will limit the interrogatory as follows: Defendants must (1) identify and include a DOC # for each inmate who has filed an ARP alleging the deliberate indifference to any inmate's constitutional rights by any of the named Defendants between September 1, 2015 and February 1, 2016; and (2) identify the corresponding ARPs as requested in the interrogatory. By limiting

6

the production to a six-month window and requiring the identification of all ARPs to be limited to deliberate indifference claims, the request is reasonably narrow. *See Cottonham v. Allen*, No. 14-729, ECF No. 51 at 7-9 (M.D. La. July 25, 2016) (citing *Savoy v. Davis*, No. 14-700, ECF No. 66 (M.D. La. Feb. 11, 2016); *Harvey v. Davis*, No. 13-311, ECF No. 66 (M.D. La. Oct. 24, 2015)).

**IT IS ORDERED** that Plaintiff's Motion to Compel is **GRANTED IN PART and DENIED IN PART** with respect to Interrogatory No. 8, and Defendants must provide a supplemental response as detailed above within **7 days** of the date of this Order.

### 3. Request for Production No. 2

**REQUEST FOR PRODUCTION NO. 2:**
Please produce certified or verified copies or originals of each policy of insurance which does or may offer any coverage for the incident(s) which is the subject matter of this lawsuit. With regard to each such contract, policy and/or agreement, please provide (a) the effective and expiration dates of coverage; (b) whether excess or primary; and [c]) the limits of liability coverage.

(R. Doc. 53-4 at 5).

**RESPONSE TO RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**
The EHCC Officers object to this request on the grounds that it seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Specifically, the claims asserted in the Plaintiff's Complaint are covered by the State of Louisiana's self-insurance program, which is funded by the State of Louisiana's Self-Insurance Fund. As such, the Plaintiff has no right of direct action against the Self-Insurance Fund [and] has no enforceable right to have such claims satisfied or paid from the Self-Insurance Fund, pursuant to La. R.S. 39:1538(4).

(R. Doc. 53-5 at 15).

Plaintiff argues that notwithstanding Defendants' arguments regarding the availability of Plaintiff's claims against the insurance program, any responsive documents must be produced as requested. (R. Doc. 53-1 at 5). Despite Defendants' detailed statement in support of their objection of irrelevance, Plaintiff does not articulate any basis for discovery of the information

7

sought. Furthermore, Plaintiff suggests that he will not be asserting a claim against the State of Louisiana's Self Insurance Fund. Based on the foregoing, Plaintiff has not established that the information sought falls within the scope of discovery.

**IT IS ORDERED** that Plaintiff's Motion to Compel is **DENIED** with respect to Request for Production No. 2.

### 4. Request for Production No. 10

**REQUEST FOR PRODUCTION NO. 10:**
    Produce the personnel file for each Defendant including all use of force reports and disciplinary matters.

(R. Doc. 53-4 at 6-7).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**
    The EHCC Officers object to this Interrogatory [sic] on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, improper, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. The EHCC Officers further object to this Interrogatory [sic] to the extent that is seeks information and/or documents that are inadmissible extrinsic acts according to Fed. R. Evid. 404(b), highly prejudicial, and inadmissible hearsay.

(R. Doc. 53-5 at 19).

Plaintiff argues that the information sought is discoverable for the same reasons raised with regard to the response to Interrogatory No. 8. (R. Doc. 53-1 at 6). As this action involves a claim of deliberate indifference, any records involving "use of force" is irrelevant. Furthermore, the entire personnel file for each Defendant would contain materials outside of the scope of discovery. Plaintiff's allegations are limited to the alleged denial of adequate medical treatment in deliberate indifference to his constitutional rights. To the extent information within Defendants' disciplinary records is discoverable, such information will be made available to Plaintiff in the supplemental response to Interrogatory No. 8 and, as discussed below, Request for Production No. 13.

8

**IT IS ORDERED** that Plaintiff's Motion to Compel is **DENIED** with respect to Request for Production No. 10.

### 5. Request for Production No. 12

**REQUEST FOR PRODUCTION NO. 12:**
Please produce the master prisoner file for any inmate listed by either party as a witness in this matter.

(R. Doc. 53-4 at 7).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**
The EHCC Officers object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. The EHCC Officers further object to this Request on the grounds that it is repetitive, duplicative, and seeks information and/or documents sought by other Interrogatories or Request. Additionally, the EHCC Officers object to this Request on the grounds that it seeks the confidential and sensitive information of individuals unrelated to the incident.

(R. Doc. 53-5 at 20).

Plaintiff argues that Defendants have a duty "to disclose the address and telephone number of each individual likely to have discoverable information" and "[d]ue to the nature of these circumstances, the Master Prisoner File shall suffice." (R. Doc. 53-1 at 6). The Court sustains Defendants' objections based on relevance and overbreadth. To the extent any party listed an inmate at EHCC as a "witness" in this matter in a discovery response or disclosures, there is no dispute regarding the address and telephone numbers of those individuals.

**IT IS ORDERED** that Plaintiff's Motion to Compel is **DENIED** with respect to Request for Production No. 12.

### 6. Request for Production No. 13

**REQUEST FOR PRODUCTION NO. 13:**
All ARPs filed against any of the Defendants herein for the time period of twelve months before and all since December 26, 2015.

(R. Doc. 53-4 at 7).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**
See Response to Request for Production No. 10.

(R. Doc. 53-5 at 21).

Plaintiff argues that the response is insufficient for the same reasons raised with regard to the response to Interrogatory No. 8. (R. Doc. 53-1 at 7).

To the extent the Defendants have information responsive to Interrogatory No. 8 as narrowed above, any such ARPs pertaining to those incidents shall be provided pursuant to this Request for Production after removing any medical records for the inmates who filed the ARPs.

**IT IS ORDERED** that Plaintiff's Motion to Compel is **GRANTED IN PART and DENIED IN PART** with respect to Request for Production No. 13, and Defendants must provide a supplemental response as detailed above within **7 days** of the date of this Order.

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Compel Discovery (R. Doc. 53) is **GRANTED IN PART and DENIED IN PART**. Defendants must provide supplemental responses to Interrogatory Nos. 5 and 8, and Request for Production No. 13, as detailed in the body of this Order, within **7 days** of the date of this Order.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on March 29, 2018.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE