# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN ROBERTS** | **CIVIL ACTION** |
| **VERSUS** | |
| **SHANNON LESSARD ET AL.** | **NO.: 17-00007-BAJ-RLB** |

### RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 60)**, filed by Defendants. Plaintiff filed a Memorandum in Opposition (Doc. 64). For the reasons stated herein, the **Motion for Summary Judgment (Doc. 60)**, is **DENIED.**

### I. BACKGROUND

On December 26, 2015, Plaintiff Brian Roberts was an inmate in custody at Elayn Hunt Correctional Center in St. Gabriel, Louisiana. (Doc. 60-1 at p. 2). While housed in Golf 2, B Tier, he collapsed due to what both parties agree was a stroke. *Ibid.* Upon observing Plaintiff's condition, Sergeant Nakyra Johnson activated her beeper to call other officers to the scene. (Doc. 64 at p. 1).

Plaintiff alleges that when Defendants Major Shannon Lessard and Major Kevin Durbin arrived at the scene, they asserted that Plaintiff had consumed a substance known as "mojo."[1] *Id.* Plaintiff asserts that an EMT arrived thereafter, and upon hearing Defendants' remarks, released Plaintiff back into the custody of Majors

---

[1] "Mojo" is a term used to refer to synthetic marijuana.

1

Lessard and Durbin. *Id.* It is undisputed that after the EMT assessed Plaintiff, he was taken to the Assessment Triage Unit ("ATU") for further evaluation. *Id.*

Plaintiff asserts that in the ATU, rather than being examined or treated medically by a doctor, Major Lessard, Major Durbin and Lieutenant Slater ordered that Plaintiff be drug tested, the results of which were negative. (Doc. 64 at p. 2). However, Defendants continued to insist that he was intoxicated. *Ibid.* Plaintiff asserts that he was not permitted to see a doctor and did not undergo additional medical evaluation. *Id.* Plaintiff asserts that throughout the episode he continued to have serious problems speaking and communicating. *Id.*

After Plaintiff left the ATU, he was transferred to administrative segregation as punishment for intoxication. *Id.* It is undisputed that shortly after midnight, Plaintiff was found on the floor of the cell, half-conscious, covered in his own vomit, pupils constricted and non-reactive, with slurred speech and the inability to move. (Doc. 62 at p. 3). This prompted his return to ATU. *Ibid.*

It is further undisputed that Plaintiff was then administered Narcan, which is used to treat narcotic overdoses in emergencies. (Doc. 64 at p. 3). At roughly 5:30 A.M., Plaintiff alleges that he was finally examined by a doctor who diagnosed a stroke. *Id.* Around noon, Plaintiff was transferred to Our Lady of the Lake Medical Center. *Id.* The hospital physician indicated that the damage from the stroke had already occurred, and that medical or surgical intervention would no longer make a difference. *Id.* at 4. Plaintiff alleges that had Plaintiff been brought to the hospital

2

earlier, the severity of the stroke could have been lessened. *Id.* Plaintiff ultimately suffered left sided paralysis and several other stroke related symptoms. *Id.*

Plaintiff filed suit against Defendants Major Shannon Lessard, Lieutenant Lindell Slater, and Major Durbin, asserting claims for deliberate medical indifference and negligence under Louisiana law.

## II. LEGAL STANDARD

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

3

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will be appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. DISCUSSION

### A. Qualified Immunity

At issue in this motion for summary judgment is whether a genuine issue of material fact exists as to Defendants' pleas of qualified immunity. A two-step process is employed in determining whether the qualified immunity defense is applicable in a given case. *Linbrugger v. Abercia*, 363 F.3d 537, 540 (5th Cir. 2004). First, the Court must consider whether, taking the facts as alleged in the light most favorable to Plaintiff, Defendants' conduct violated Plaintiff's constitutional rights. *Id.* Second, Court must determine whether the rights allegedly violated by Defendants were clearly established. *Id.* The assertion of the qualified immunity defense alters the summary judgment burden of proof. Once a defendant pleads qualified immunity, the

4

burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct. *Gates v. Tex. Dep't. of Protective and Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008).

### *1. Violation of a Constitutional Right*

First, Plaintiff must present evidence establishing that Defendants' conduct violated Plaintiff's constitutional rights. *Linbrugger*, 363 F.3d at 540. Plaintiff asserts that Defendants violated Plaintiff's Eighth Amendment right to be free from the unnecessary and wanton infliction of pain. (Doc. 64 at p. 12). The United States Court of Appeals for the Fifth Circuit has held that the Eighth Amendment is violated where (1) an inmate experiences objective exposure to a substantial risk of serious harm and (2) prison officials act or fail to act with deliberate indifference to that risk. *Gobert v. Caldwell*, 463 F.3d 339, 345-346 (5th Cir. 2006).

### a. Objective Exposure to a Substantial Risk of Serious Harm

Plaintiff has presented sufficient evidence to allege that he was exposed to a substantial risk of harm. The record indicates on December 26, 2015, shortly after noon, Plaintiff suffered a stroke. (Doc. 60-17 at p. 2). Plaintiff was not examined by a doctor until the next day. (Doc. 64 at p. 3). A physician who eventually treated the patient concluded that specific medical procedures could have been used to lessen the severity of the stroke. (Doc. 64-9 at p. 2). Instead, as a result of the delay caused by Defendants, Plaintiff allegedly suffered paralysis, a cerebral hemorrhage, and

convulsions. (Doc. 64-10 at p. 5). Moreover, despite Defendants' assertions to the contrary, drug testing proved that Plaintiff had not taken synthetic marijuana. *Id.* Accordingly, Plaintiff has presented sufficient evidence that he suffered a stroke which went untreated and thus, was exposed to a substantial risk of harm.

### b. Deliberate Indifference

The Court next examines whether Defendants acted with deliberate indifference toward Plaintiff's stroke and the lack of treatment provided to him. The Court concurs with Defendants' assertion that deliberate indifference is a high standard to meet; a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Easter v. Powell,* 467 F.3d 459, 464 (5th Cir. 2006). However, Plaintiff has provided sufficient evidence to enable a reasonable juror to find both deliberate indifference and substantial harm.

First, as previously noted, Plaintiff faced substantial harm as a result of the delay in treatment of his stroke. The question remaining is whether Plaintiff has provided sufficient evidence to support a finding of deliberate medical indifference. Plaintiff has presented evidence of the following facts. On December 26, 2015 Defendant collapsed, shaking in his cell. After Major Johnson activated her beeper, Major Lessard and Major Durbin arrived at the scene. (Doc. 64-1 at pp. 1, 3). Both officers kept insisting that Plaintiff was intoxicated from mojo, even though they had no evidence to support their theory. *Id.* Plaintiff indicates that because of Major Lessard and Major Durbin's comments, the EMT who responded to Major Johnson's

6

call, released him into the custody of Major Lessard and Major Durbin, who then transported him to the ATU with Major Slater. (Doc. 64-2 at p. 1; Doc. 64-3 at p. 3). At the ATU, Plaintiff presented evidence that all three Defendants either administered a urine test to Plaintiff or ordered one for him, the results of which were negative. (*Id.* at pp. 1, 3; Doc. 64-4 at p. 8). Plaintiff asserts that despite these results, Defendants continued to insist that he was intoxicated, and thus Plaintiff was not allowed to see a doctor. (*Id.*; Doc. 64-6 at p. 4). Thereafter, Major Lessard wrote a disciplinary report against Plaintiff for intoxication and sent him to administrative segregation, where he was left unattended. (Doc. 64-4 at p. 10). Plaintiff was found around midnight, again collapsed in his cell. He was taken to ATU and was administered Narcan. Even at that point, despite the complete absence of any supporting evidence, prison officials were still treating Plaintiff as if he was intoxicated. It was not until later that day that Plaintiff was examined by a doctor.

Taking Plaintiff's facts as true, a reasonable juror could certainly conclude that Defendants displayed absolute deliberate indifference toward Plaintiff. Defendants, without a medical background, insisted that Plaintiff was on mojo, ordered Plaintiff to be drug tested at the ATU, prevented Plaintiff from seeing a physician, and placed him in administrative segregation, which resulted in delayed treatment of his stroke. *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (holding that to demonstrate medical indifference, a plaintiff must show that officials "refused to treat him, ignored his complaints . . . or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs"). As such, Plaintiff's

motion for summary judgement on qualified immunity is denied. In addition, Defendants' motion for summary judgment on Plaintiff's medical indifference claim is denied.

### 2. *Defendants' Actions Were Unreasonable Under Clearly Established Law*

To defeat Defendants' claim of qualified immunity, Plaintiff must also show that Defendants' actions were objectively unreasonable under clearly established law. *Linbrugger*, 363 F.3d at 540. The Fifth Circuit has explained that the touchstone of the inquiry under the second prong of the qualified immunity analysis is "whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000) (citation omitted). Thus, "[e]ven law enforcement officials who reasonably but mistakenly [commit a constitutional violation] are entitled to immunity." *Id.* (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). As previously stated, Plaintiff has presented evidence that Defendants, who did not have a medical background, insisted that Plaintiff was suffering the effects of mojo consumption and ordered that he be drug tested rather than see a doctor. (Doc. 64-6 at p. 4). As a result, Plaintiff suffered permanent paralysis on his left side. These facts, taken as true, were not objectively reasonable in light of clearly established law. Thus, Defendants are not entitled to summary judgment based on qualified immunity.

### B. Negligence

Defendants also seek summary judgment on Plaintiff's state law negligence claim. First, as the Court has denied dismissal of Plaintiff's §1983 claim, Defendant's argument that only state law claims remain is moot. Second, Defendants assert that Plaintiffs have not proven that Defendants acted negligently. In order to prevail on a negligence claim, a plaintiff must prove: (1) the defendant had a duty to conform his conduct to a specific standard; (2) the defendant failed to conform his conduct to the appropriate standard; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. *State Farm Mut. Auto. Ins. Co. v. LeRouge*, 2007-0918 (La. App. 4 Cir. 11/14/08), 995 So. 2d 1262, 1275. Prison officials owe a duty of reasonableness to inmates under the totality of the circumstances. *Aucoin v. Cupil*, No. CV 16-00373-BAJ-RLB, 2018 WL 1547347, at *4 (M.D. La. Mar. 29, 2018) (citing *Stroik v. Ponseti*, 699 So. 2d 1072, 1078 (La. 1997)). As such, the Court concludes that there remains a dispute of material of fact as to whether Defendants breached a duty owed to Plaintiff, which the jury must decide. As stated previously, if Defendants did in fact ignore Plaintiff's serious condition and deny him medical treatment, a reasonable juror could easily find that Defendants violated their duty to Plaintiff. Moreover, whether Defendants' conduct was a cause-in-fact of Plaintiff's injuries is also a question of fact for the jury to decide. Accordingly, summary judgment on Plaintiff's negligence claim is denied.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Summary Judgment (Doc. 60)**, is **DENIED.**

Baton Rouge, Louisiana, this 24th day of December, 2018.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**