UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN ROBERTS                                             CIVIL ACTION

VERSUS

SHANNON LESSARD, ET AL.                          NO. 17-00007-BAJ-RLB

ORDER

Before the Court is Defendants' **Motion For Reconsideration Of The Denial Of Defendants' Motion For Summary Judgment On The State Law Claims (Doc. 106)**. Plaintiff opposes Defendants' Motion. (Doc. 108). For reasons explained below, Defendants' Motion will be granted in part. Specifically, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law negligence claim—the *only* claim remaining in this action—and this action will be dismissed.

I.     RELEVANT BACKGROUND

Plaintiff is a prisoner incarcerated at the Elayn Hunt Correctional Center in Iberville, Louisiana. On December 26, 2015 Plaintiff suffered a stroke, which ultimately left him paralyzed on the left side of his body. This action challenges whether Defendants—three prison guards—responded appropriately when they first discovered Plaintiff exhibiting symptoms of medical distress.

Plaintiff's complaint alleges two claims: (i) deliberate indifference to Plaintiff's medical needs under the Eighth Amendment to the U.S. Constitution, and (ii) negligence under Louisiana law. (Doc. 1). On July 16, 2018, Defendants moved for summary judgment, arguing that Plaintiff's Eighth Amendment claim fails because Defendants are shielded by qualified immunity, and that, in turn, the Court should

decline supplemental jurisdiction over Plaintiff's state law negligence claim. (Doc. 60-1 at 6-14). Alternatively, Defendants argued that Plaintiff's negligence claim also fails on the merits. (*Id.* at 14).

On December 24, 2018, this Court issued its Order denying Defendants' summary judgment motion. (Doc. 73). First, the Court determined that the record evidence prohibited judgment on Plaintiff's Eighth Amendment claim because a genuine dispute existed regarding whether Defendants acted with deliberate indifference. The Court explained:

> Taking Plaintiff's facts as true, a reasonable juror could certainly conclude that Defendants displayed absolute deliberate indifference toward Plaintiff. Defendants, without a medical background, insisted that Plaintiff was on mojo, ordered Plaintiff to be drug tested at the ATU, prevented Plaintiff from seeing a physician, and placed him in administrative segregation, which resulted in delayed treatment of his stroke. *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (holding that to demonstrate medical indifference, a plaintiff must show that officials "refused to treat him, ignored his complaints . . . or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs"). As such, Plaintiff's motion for summary judgement on qualified immunity is denied.

(Doc. 73 at 7-8). Thereafter, the Court denied judgment on Plaintiff's negligence claim, determining that the same facts created a genuine dispute regarding whether Defendants violated a duty of care to Plaintiff. (*Id.* at 9). Finally, and perhaps most relevant here, the Court cast aside Defendants' argument that it should decline supplemental jurisdiction over Plaintiff's negligence claim, determining that this argument was moot in light of its ruling on Plaintiff's Eighth Amendment claim. (*Id.*).

Defendants appealed the December 24 Order to the U.S. Court of Appeals for the Fifth Circuit. On February 11, 2021, the Circuit issued its judgment and mandate

reversing this Court, and dismissing Plaintiff's Eighth Amendment claim with prejudice. The Circuit disagreed with this Court's qualified immunity analysis, determining that Defendants' actions were reasonable under the circumstances because Defendants are not themselves medical professionals, and promptly reported Plaintiff's medical distress to prison medical staff. (Doc. 101 at 6-8). The Circuit did not address Plaintiff's state law negligence claim.

On August 9, 2021, Defendants filed the instant Motion, seeking reconsideration of this Court's analysis of Plaintiff's negligence claim. (Doc. 106). Seizing on the Circuit's qualified immunity analysis, Defendants re-urge dismissal on the merits, asserting that they reasonably discharged their legal duty to Plaintiff by "turning him over to medical personnel." (Doc. 106 at 1). Alternatively, Defendants argue that the Court should now decline supplemental jurisdiction over Plaintiff's state law claim because Plaintiff's federal claim is dismissed. (*Id.* at 2). Plaintiff opposes Defendants' Motion. (Doc. 108).

For reasons explained below, on reconsideration the Court determines that it should not maintain jurisdiction over Plaintiff's state law negligence claim, and will dismiss this action on that basis. As such, the Court does not address Defendants' argument that Plaintiff's claim fails on the merits.

## II. ANALYSIS

The Federal Rules of Civil Procedure to not recognize a motion for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). Under Rule 60(b)(4), however, the Court may relieve a party from a prior order when that prior order is "void." Here, the Court's December 24 Order determined that

3

Defendants' jurisdictional arguments were "moot" because Plaintiff's Eighth Amendment claim survives summary judgment. Plainly, that portion of the Court's Order is now void in light of the Circuit's reversal. Accordingly, the Court will consider anew whether to decline supplemental jurisdiction over Plaintiff's sole remaining state law negligence claim.

When determining whether to maintain jurisdiction over Plaintiff's negligence claim, the Court "looks to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity." *Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011). No single factor is dispositive; instead, the Court considers and balances each of the factors to determine how best to exercise its discretion. *Id.* In sum, "the doctrine of pendent jurisdiction is a 'doctrine of flexibility.'" *Id.* at 161 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Generally, however, the Court will "dismiss state claims when the federal claims to which they are pendent are dismissed." *Id.* (quotation marks omitted).

The statutory factors are: "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Enochs*, 641 F.3d at 159 (citing 28 U.S.C. § 1367(c)). Plaintiff's negligence claim is not novel or complex, suggesting that the Court should maintain jurisdiction. On the other hand, the state law claim plainly predominates over the

4

non-existent federal claim, and all federal claims have been dismissed. Further, as noted by Defendants, the state of Louisiana is providing representation and indemnification to Defendants, and therefore maintains a compelling interest in having its state courts determine what duties are owed under state law. On balance, the statutory factors weigh strongly in favor of declining jurisdiction.

The Court now turns to the common law factors of judicial economy, convenience, fairness, and comity. "These considerations include whether extensive or substantive motions have been filed and/or ruled on, whether a scheduling order has been issued, whether hearings have been held, the relative convenience of the relevant state and federal courthouses, and whether it will prejudice either party to have the state law claims heard in state court." *Conway v. Louisiana Through DPS&C*, No. 18-cv-00033, 2021 WL 357357, at *2 (M.D. La. Feb. 2, 2021) (deGravelles, J.).

Here, again, the balance of these factors favors declining jurisdiction. First, even to this day, "hardly any federal judicial resources, let alone a significant amount of resources, [have] been devoted to … [Plaintiff's] state law claim[]." *See Enochs*, 641 F.3d at 159. Indeed, the Court's summary judgment analysis of Plaintiff's negligence claim hinged primarily on its analysis of Plaintiff's now dismissed federal claim. Moreover, all deadlines, including the trial date, have been continued, and no hearings have been held. Additionally, the Court agrees with its brethren in this District that a better use of judicial resources is to have the state courts preside over a purely state law claim, considering the current docket backlog created by the

5

COVID-19 pandemic. *See Conway*, 2021 WL 357357, at *2; *Pullins v. Hancock Whitney Bank*, 512 F. Supp. 3d 647, 665 (M.D. La. Jan. 11, 2021) (Dick, C.J.)

The other common law factors also favor sending this case to state court. As to convenience, pursuing this case in state court would not cause "any financial inconvenience to the parties because they [will not have] to duplicate any of their previous efforts or expenses." *Enochs*, 641 F.3d at 160. Further, it is certainly fair to have a purely Louisiana state law claim heard in Louisiana state court, and there is nothing to indicate that either party would be prejudiced by a state court adjudication. *Id.* Finally, "comity demands that the important interests of federalism and comity be respected by federal courts, which are courts of limited jurisdiction and not as well equipped for determinations of state law as are state courts." *Id.* (quotation marks omitted).

In sum, nearly all relevant factors strongly favor declining to exercise jurisdiction over Plaintiff's pendent negligence claim, and no factor obviously demands maintaining jurisdiction. Plaintiff's negligence claim—the only remaining claim in this action—will also be dismissed.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** Defendants' Motion For Reconsideration Of The Denial Of Defendants' Motion For Summary Judgment On The State Law Claims (Doc. 106) be and is hereby **GRANTED IN PART** consistent with the relief set forth herein.

**IT IS FURTHER ORDERED** that the Court declines to exercise jurisdiction over Plaintiff's state law negligence claim, and that this claim be and is hereby

**DISMISSED**.

Separately, the Court will issue a final judgement dismissing this action in its entirety.

Baton Rouge, Louisiana, this 21st day of September, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**